United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Joan Riley and Linda Scott, individually and on behalf of all others, similarly situated, Plaintiffs, <br><br> v. <br><br> Heritage Property & Casualty Insurance Company, Defendant. | ) ) ) ) ) Civil Action No. 22-22893-Civ-Scola ) ) ) ) |

### Order Granting Temporary Stay

Plaintiffs Joan Riley and Linda Scott, each purchasers of residential property insurance policies from Defendant Heritage Property & Casualty Insurance Company, seek to recover interest they say they are owed on claims that they acknowledge were otherwise fully paid by Heritage. (Compl., ECF No. 1.) In response, Heritage has filed a motion to dismiss (Def.'s Mot. to Dismiss, ECF No. 15), submitting the Plaintiffs' claims are barred because they are based solely on Florida Statute section 627.70131(5)(a).[1] Fla. Stat. § 627.70131(5)(a) ("failure to comply with this subsection does not form the sole basis for a private cause of action"). That motion is fully briefed, and Heritage now asks the Court to stay discovery, pending the Court's resolution. (Def.'s Mot. to Stay, ECF No. 24.) The Plaintiffs object to the stay, rearguing the merits of their opposition to Heritage's motion to dismiss, insisting they are suing for breach of contract, not for relief solely under section (5)(a). (Pls.' Resp., ECF No. 27.) Heritage has timely replied. (Def.'s Reply, ECF No. 28.) Having considered the parties' arguments and for the following reasons, the Court finds a limited stay in this case warranted and therefore **grants** Heritage's request for a temporary stay of discovery. (**ECF No. 24**.)

District courts are given "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). And district courts have "broad authority to grant a stay." *In re Application of Alves Braga,* 789 F. Supp. 2d 1294, 1307 (S.D. Fla. 2011) (Goodman, Mag. J.) Courts consider the relative prejudice and hardship "worked on each party if a stay is or is not granted" and

---

[1] The relevant language now appears in section 627.70131(7)(a), after the section was amended, effective January 1, 2022. The pre-amendment version of the provision contained the language in section (5)(a), as opposed to (7)(a), and it is that version that is applicable to the facts of this case. Regardless, the language pertinent to this case, regarding the preclusion of a private right of action, is identical in the two versions.

general efficiency. *Fitzer v. Am. Institute of Baking, Inc.*, No. 209-cv-169, 2010 WL 1955974 (S.D. Ga. May 13, 2010); *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1988) (noting that a court must also weigh "the harm produced by a delay in discovery" against "the likely costs and burdens of proceeding with discovery") (citations omitted). Moreover, so long as a stay is neither "immoderate" nor indefinite, a stay can be appropriate in the interest of judicial convenience. *Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262 (11th Cir. 2000) (provided a stay will expire within reasonable limits, it is not immoderate). In considering the balance, a court may take a "preliminary peek" at the merits of a dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).

After a "preliminary peek" at Heritage's motion to dismiss, and the concomitant briefing, the Court finds the issues raised appear to be both "clearly meritorious and truly case dispositive." *See Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012) (Scola, J.) (quoting *Feldman v. Flood,* 176 F.R.D. 651, 652–53 (M.D.Fla.1997)). If the motion to dismiss is granted in its entirety, which at this preliminary stage appears likely, the need for any discovery in this proceeding—including what appears to involve substantial class-action-related discovery—will, as Heritage explains, be eliminated altogether. Further, the Plaintiffs' do not identify any harm or prejudice that would outweigh the efficiencies gained as a result of the temporary pause in the litigation of this case. The Plaintiffs will be afforded sufficient opportunity to conduct fulsome discovery if any of their claims advance in this Court.

The Court thus finds a stay warranted and **grants** Heritage's motion to stay (**ECF No. 24**). Discovery is therefore **stayed** until this Court issues its order on Heritage's motion to dismiss. If the motion is ultimately denied discovery must immediately move forward.

The parties must file an amended joint discovery plan and conference report within **seven days** if the Court denies Heritage's motion. While discovery is stayed, the parties may not take any action related to discovery.

**Done and ordered** in Miami, Florida, on December 16, 2022.

_____
Robert N. Scola, Jr.
United States District Judge