United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Joan Riley and Linda Scott, individually and on behalf of all others, similarly situated, Plaintiffs, <br><br> v. <br><br> Heritage Property & Casualty Insurance Company, Defendant. | Civil Action No. 22-22893-Civ-Scola |

### Order Granting Motion to Dismiss

Plaintiffs Joan Riley and Linda Scott, each purchasers of residential property insurance policies from Defendant Heritage Property & Casualty Insurance Company, seek to recover interest they say they are owed on claims that they acknowledge were otherwise fully paid by Heritage. (Compl., ECF No. 1.) In response, Heritage has filed a motion to dismiss (Def.'s Mot. to Dismiss, ECF No. 15), submitting, among other things, that the Plaintiffs' claims are barred because they are based solely on Florida Statute section 627.70131(5)(a).[1] Fla. Stat. § 627.70131(5)(a) ("failure to comply with this subsection does not form the sole basis for a private cause of action"). The Plaintiffs, in opposing the motion, argue that their claims are for breach of contract, not for a statutory violation, and, therefore, section (5)(a)'s prohibition on private causes of action is inapplicable. (Pls.' Resp., ECF No. 21.) Heritage has timely replied, and the motion is ripe for review. Having considered the parties' briefing, the record, and the relevant legal authorities, the Court, for the following reasons, **grants** Heritage's motion (**ECF No. 15**) and **dismisses** this case.[2]

---

[1] The relevant language now appears in section 627.70131(7)(a), after the section was amended, effective January 1, 2022. The pre-amendment version of the provision contained the language in section (5)(a), as opposed to (7)(a), and it is that version that is applicable to the facts of this case. Regardless, the language pertinent to this case, regarding the preclusion of a private right of action, is identical in the two versions.

[2] The Court also **denies** the Plaintiffs' motion requesting oral argument. (**ECF No. 30**.) The request is both procedurally and substantively deficient under Local Rule 7.1(b)(2). The Plaintiffs did not make their request "within the motion or opposing memorandum in a separate section titled 'request for hearing'" nor did they "set forth in detail the reasons why a hearing is desired and would be helpful to the Court." L.R. 7.1(b)(2).

### 1. Background[3]

Riley and Scott both purchased residential property insurance from Heritage for their respective homes. After both their homes were damaged by Hurricane Irma, in 2017, they both sought coverage from Heritage under their policies. When the Plaintiffs and Heritage were unable to agree on the value of the losses for each home, the parties submitted their claims to an appraisal panel, as provided for under the corresponding policies. Although Heritage ultimately paid the amounts awarded by the panels, the Plaintiffs say Heritage's delay in issuing payment triggered an obligation to pay interest on the award amount. Heritage has failed to pay the Plaintiffs any of the interest the Plaintiffs say is due.

Based on this nonpayment of interest, the Plaintiffs have sued Heritage for breach of contract, contending they are entitled to the interest under their policies. According to the Plaintiffs, this entitlement is based on the policies' loss-payment provisions combined with what they describe as the policies' implicit incorporation of a Florida statutory provision that imposes interest on certain untimely insurance payments.

### 2. Legal Standard

A court considering a motion to dismiss, filed under Rule 12(b)(6), must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqubal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 3. Analysis

Although neither policy at issue in this case contains an explicit provision triggering the insurer's obligation to pay interest on late payments, such interest,

---

[3] The Court accepts the complaint's factual allegations, as set forth below, as true for the purposes of evaluating the motion to dismiss. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

in specified circumstances, is required under Florida statutory law. Under Florida Statute section 627.70131(5)(a), an insurer must pay its insured interest on certain late payments, accruing as of the date the insurer receives notice of the claim. Fla. Stat. § 627.70131(5)(a) ("Any payment of a . . . claim . . . made more than 15 days after there are no longer factors beyond the control of the insurer which reasonably prevented such payment . . . bears interest at the rate set forth in s. 55.03. Interest begins to accrue from the date the insurer receives notice of the claim."). Within this same provision, however, litigants are expressly barred from lodging a private cause of action that is based solely on an insurer's "failure to comply with this subsection." *Id.* Another Florida Statute section requires that an insurance policy "be construed and applied in accordance with" Florida's insurance code. Fla. Stat. § 627.418(1). Based on this provision, the Plaintiffs maintain that the interest-triggering part of § 5(a) is incorporated into their Heritage policies. But, they say, because they are suing under a breach-of-contract theory, rather than for a violation of the statute itself, the private-action bar is inapplicable. The Court finds the Plaintiffs' attempt to dodge the private-cause-of-action bar unavailing.

As an initial matter, the requirement that Florida insurance policies that contain provisions "not in compliance with the requirements of this code" be "construed and applied" as if they are in full compliance with the insurance code, does not mean the interest-triggering provision of section 5(a) is incorporated, by implication or otherwise, into the policies. First, the Plaintiffs fail to point out any aspect of their Heritage policies that are actually in conflict with Florida's insurance code. Nor have they identified anything in the policies that acts to "waive[], void[], or nullif[y]" any of the provisions of section (5)(a). Instead, the Plaintiffs complain that a policy provision barring private causes of action based on untimely payments "improperly alters the statute's language prohibiting *the statute* from 'forming the sole basis for a private cause of action'" (Pls.' Compl. ¶ 11 (emphasis in original) (quoting section 5(a)).) The Court disagrees. The Plaintiffs fail to connect the policy provision barring private causes of action for late payments to the statutory provision barring private causes of action for an insurer's failure to pay interest. Further, even if this policy provision was in conflict with Florida's insurance code, it would simply be construed as if it wasn't. The Plaintiffs provide no support, and the Court is aware of none, for their contention that a conflict between the policy's clause barring causes of action for late payments, on the one hand, and the insurance code, on the other, results in the importation of the interest-payment requirement into the parties' policies. Accordingly, the Court agrees with Heritage that neither policy provides for interest on claims payments, even if

untimely. This alone is enough to dismiss the Plaintiffs' case, sounding only in breach of contract.

Additionally, however, even if the Court did find that the payment-of-interest requirement in Florida's insurance code was implicitly incorporated into the policies here, the Plaintiffs' position is still meritless. First, as the Plaintiffs themselves acknowledge, meaning must be afforded "to all relevant provisions of § (5)(a)." (Pls.' Resp. at 5.) It would thus be illogical for the interest-payment requirement of section (5)(a) to be imported into the policy, by operation of section 627.418(1), without also incorporating section (5)(a)'s private-cause-of-action bar. It would be similarly nonsensical to, on the one hand, bar a private cause of action based solely on a failure to comply with the terms of section (5)(a)—which the Plaintiffs concede would be appropriate—while, on the other, allowing a private cause of action to proceed that is also based on a failure to comply with those very same terms, just because those terms are deemed incorporated into a policy.

In a similar vein, the Plaintiffs maintain that since they have at least framed their lawsuit as sounding in breach of contract, Heritage's failure to pay interest is not technically the "sole basis" for their action. This argument too misses the mark. Based on the plain language of the subsection, the Plaintiffs cannot pursue a cause of action based only on a violation of section (5)(a). "Black's Law Dictionary defines a cause of action as 'the fact or facts which give a person a right to judicial redress or relief against another.'" *QBE Ins. Corp. v. Dome Condo. Ass'n, Inc.*, 577 F. Supp. 2d 1256, 1261–62 (S.D. Fla. 2008) (Seitz, J.) (quoting *Black's Law Dictionary* 221 (6th ed. 1990)). And the only facts the Plaintiffs plead as forming the basis of their "right to redress are the facts that would establish a violation of section [(5)(a)]." *Id*. Accordingly, the Plaintiffs' claim is barred because their cause of action is based *solely* on Heritage's alleged failure to comply with section (5)(a)'s interest-payment requirement.

Lastly, the Plaintiffs' policy-oriented argument, that precluding private causes of action seeking interest under section (5)(a) would "improperly render [the statute] meaningless" (Pls.' Resp. at 7), is also unavailing. The Plaintiffs have not pointed to a single authority supporting their theory that the legislature did not mean exactly what it said: private causes of action solely seeking to enforce (5)(a)'s interest provision are barred. Furthermore, the Court agrees with other courts in this district that have concluded that, even without a private cause of action, section (5)(a) can serve to "bind the insurer to its provisions in response to a Department of Insurance review or a bad faith claim." *Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, 07-22988-CIV, 2008 WL 2490450, at *11 (S.D. Fla. June 18, 2008) (Torres, Mag. J.) ("[T]he legislature did not intend to create any private cause of action against the insurer that is based merely upon a

violation of the statute."), *report and recommendation adopted,* 07-22988-CIV, 2008 WL 2856457 (S.D. Fla. July 24, 2008) (Moreno, J.); *see also Berkower v. USAA Cas. Ins. Co.,* 15-23947-CIV, 2016 WL 4574919, at *4 (S.D. Fla. Sept. 1, 2016) (Goodman, Mag. J.). The Court finds no basis for reaching a contrary conclusion: giving effect to the plain meaning of the statute does not render it meaningless.

### 4. Conclusion

For the reasons set forth above, the Court **grants** Heritage's motion (**ECF No. 15**) and **dismisses** the Plaintiffs' case, **with prejudice**, based on their failure to state a claim.[4] The Court's dismissal of the Plaintiffs' complaint is **without leave to amend**. The Plaintiffs have not requested leave to amend; nor have they indicated any inclination to do so. *See Wagner v. Daewoo Heavy Industries Am. Corp.,* 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."); *Avena v. Imperial Salon & Spa, Inc.,* 740 F. App'x 679, 683 (11th Cir. 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend."); *compare with Carter v. HSBC Mortg. Services, Inc.,* 622 F. App'x 783, 786 (11th Cir. 2015) ("A pro se plaintiff, however, *must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice, at least where a more carefully drafted complaint might state a claim.") (cleaned up) (emphasis in original).

Finally, the Clerk is directed to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on April 18, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

---

[4] Because the Court dismisses this case for the reasons set forth above, it declines to address Heritage's other argument, that the Plaintiffs have failed to sufficiently allege a triggering event implicating their entitlement to interest.